UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a non-profit organization,<br><br>        Plaintiff,<br><br>    v.<br><br>ALICE B. CARLTON, in her official capacity as Forest Supervisor for Plumas National Forest, RANDY MOORE, in his official capacity as Regional Forester for Region 5 of the United States Forest Service, and the UNITED STATES FOREST SERVICE,<br><br>        Defendants,<br><br>and<br><br>SIERRA ACCESS COALITION, a California non-profit corporation, THERESA WINNINGHAM, W.M. BEATY & ASSOCIATES, INC., a California corporation, PLUMAS UNIFIED SCHOOL DISTRICT, and PEW FOREST PRODUCTS, a California corporation,<br><br>        Proposed Defendant Intervenors.<br>_____/ | NO. CIV. S-08-1957 FCD/EFB |

----oo0oo----

This matter is before the court on a motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) filed by applicants Sierra Access Coalition, Theresa Winningham, W.M. Beaty & Associates, Inc., Plumas Unified School District, and Pew Forest Products (collectively, "applicants"). Plaintiff Earth Island Institute ("Earth Island") opposes applicants' intervention in the litigation, and in the alternative, opposes applicants' intervention specifically in the merits determination.[1] For the reason's set forth below,[2] applicants' motion to intervene as defendants is GRANTED in part and DENIED in part.

## BACKGROUND[3]

On August 20, 2008, plaintiff filed a complaint in this court, seeking declaratory and injunctive relief based upon alleged violations of the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA") by defendants Alice B. Carlton, Randy Moore, and the United State Forest Service's (collectively "federal defendants") arising out of their decision to authorize a large commercial logging project in the Plumas National Forest, known as the "Moonlight Roadside Safety and Hazard Tree Removal Project" (the "Moonlight Project"). (Compl., filed Aug. 20, 2008, ¶¶ 1-2.) The parties stipulated to an expedited briefing schedule, and on September 2,

---

[1] Defendants have not filed a response to applicants' motion to intervene.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

[3] The facts provided are for considered only for the purposes of applicant's motion to intervene.

2008, plaintiff filed a motion for a preliminary injunction to be heard on September 19, 2008. (Stipulation and Order, filed Aug. 29, 2008; Mot. for Prelim. Inj., filed Sept. 2, 2008.) On September 9, 2008, applicants filed a motion to intervene as defendants in the action and an application for an order shortening time to hear the motion in light of the shortened schedule for plaintiff's motion for a preliminary injunction. (Mot. to Intervene, filed Sept. 9, 2008; Mot. to Shorten Time, filed Sept. 9, 2008.)

All applicants have an interest relating to the safe access and use of the forest roads. (Mot. to Intervene at 10.) Sierra Access Coalition ("SAC") is a non-profit California corporation that advocates for non-motorized and motorized access for members that recreate on the Plumas and Lassen National Forests. (Decl. of Steven Dupont, filed Sept. 9, 2008, ¶ 1.) SAC contends that it is vital to the safety of its members that the Forest Service remove dead and dying trees that can rot and fall on roads. (Id. ¶ 2.) Theresa Winningham resides on Diamond Mountain Road next to the Moonlight Project. (Decl. of Theresa Winningham, filed Sept. 9, 2008, ¶ 3.) She contends that the dead trees are not visually attractive and is concerned that unremoved dead trees may increase the chance of uncontrollable wild fires. (Id. ¶¶ 3, 5.) W.M. Beaty & Associates, Inc. ("Beaty") is a private corporation responsible for the management of private, family owned timberlands, approximately 125,000 acres of which are located within the boundaries of the Plumas and Lassen National Forests. (Decl. of Bonald J. Beaty, filed Sept. 9, 2008, ¶ 1.) Beaty asserts that the Forest Service needs to remove dead and

dying roadside hazard trees in order to prevent unnecessary risk to its workers and to allow access to areas that need planting. (Id. ¶ 7.)  Plumas Unified School District contends that the Moonlight Project must go forward because the resultant timber sales will provide revenue from the school' share of 25% of Forest Service receipts.  (Decl. of Glenn Harris, filed Sept. 9, 2008, ¶ 4.)  Pew Forest Service is a family owned logging company and the apparent high bidder on the Wildcat and Eagle Roadside Hazard timber sales.  (Decl. of Randy A. Pew, filed Sept. 9, 2008, ¶¶ 1, 5.)

**STANDARD**

Rule 24 provides two grounds for intervention in federal court: intervention as of right and permissive intervention. Fed. R. Civ. P. 24 (West 2006).  Applicants may seek permissive intervention under Rule 24(b), which provides in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b).  A court may grant permissive intervention where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a common question of law or fact.  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997) (quotations and citation omitted); see Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2001) (noting that Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation" and that all that is necessary for permissive intervention is a

common question of law or fact with the main action).  Even if the applicant satisfies these requirements, the court has broad discretion to deny intervention based upon other considerations relevant to the individual circumstances of the case before it. See Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989).  Moreover, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

In reviewing a motion to intervene, the court generally should accept as true the allegations and evidence submitted by the applicant.  Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

**ANALYSIS**

Applicants have satisfied the threshold requirements for permissive intervention.[4]  Plaintiff filed its complaint on August 20, 2008, and applicants filed their motion to intervene on September 9, 2008, prior to the filing of any response by the

---

[4] The court notes that case law in the Ninth Circuit lacks a certain degree of clarity with respect to the independent jurisdiction requirement in cases addressing permissive intervention in NEPA and NFMA cases.  However, the court need not fill this apparent void in its adjudication of the current motion because, as set forth *infra*, while it allows applicants to intervene in the remedial portion of the litigation, it does not exercise its discretion to allow applicants to intervene with respect to the liability.  See, e.g., Center for Food Safety v. Connor, No. C 08-0484, 2008 WL 3842889, at *3 (N.D. Cal. Aug. 15, 2008) (allowing permissive intervention only in the remedies phase of a NEPA action); W. Watersheds Projects v. United States Forest Serv., No. C 08-1460, 2008 WL 2952837, at *6 (N.D. Cal. July 30, 2008) (same); Olympic Forest Coalition v. United States Forest Serv., No. C07-5344, 2007 WL 3374996, at *2 (W.D. Wash Nov. 9, 2007) (same); Ctr. for Tribal Water Advocacy v. Gutierrez, No. 06-CV-708, 2007 WL 527932 (D. Or. Feb. 12, 2007) (same).

named defendants and prior to the issuance of a pretrial scheduling order.  See <u>Sierra Club v. U.S. E.P.A.</u>, 995 F.2d 1478, 1481 (9th Cir. 1993) (upholding trial court's finding that application was timely where filed before defendant had filed its answer).  Further, applicants seek to intervene based upon their contention that the Moonlight Project must proceed in order to ensure the safe access and use of the forest roads, common facts relevant to plaintiff's main claim against federal defendants.

However, the court does not exercise its discretion to allow applicants to intervene with respect to the merits of plaintiff's NEPA and NFMA claims.  The Ninth Circuit has held that "[a]s a general rule, 'the federal government is the only proper defendant in an action to compel compliance with NEPA.'" <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting <u>Wetlands Action Network v. United States Army Corps of Eng'rs</u>, 222 F.3d 1105, 1114 (9th Cir. 2000)).  The rationale behind this rule is that "because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action." <u>Id.</u> (quotations and citations omitted).  Like NEPA, NFMA requires only action by the government.  <u>Kootenai</u>, 313 F.3d at 1108.  As such, under the Ninth Circuit's rationale, only the government can be a defendant in a NFMA compliance action.  See <u>Olympic Forest Coalition v. United States Forest Serv.</u>, No. C07-5344, 2007 WL 3374996, at *2 (W.D. Wash Nov. 9, 2007).  Federal defendants must make the final decision as to whether to defend their own conduct with respect to statutory obligations, and if so, how that defense will be

made.  See Western Watersheds Project v. United States Forest Serv., No. 05-0189, 2005 WL 3244253, *1 (D. Idaho, Nov. 4, 2005). Applicants' participation in the liability portion of the litigation (1) would not add any further clarity or insight into the liability portion of the plaintiff's suit because federal defendants are solely responsible for statutory compliance; (2) could upset federal defendants' proper role in this case if applicants disagree with the proffered defense of their conduct; and (3) could create undue delay in the litigation.  As such, applicants' motion to permissively intervene in the liability portion of the litigation is DENIED.[5]

The court will allow applicants to intervene in the remedial aspects of the litigation.  Applicants all contend that they have an interest in the execution of the Moonlight Project as currently scheduled.  The named defendants in this action are government entities and officials.  These defendants do not have the same types of interests in the litigation as applicants.  As such, if plaintiff prevails on its burden with respect to liability, it is likely that federal defendants will not advance the same arguments as applicants in regards to potential remedies.  See Berg, 268 F.3d at 824 (addressing adequacy of representation in a motion to intervene as of right).  Moreover, because of their varied interests, applicants' participation in

---

[5] The court does not find compelling applicants' argument that the balancing nature of the court's analysis for preliminary injunctive relief requires applicants' participation in the liability portion of the litigation.  As set forth above, it is the government's conduct that is at issue in the merits inquiry. The court is capable of conducting its own balancing of the merits of the litigation, as argued by plaintiff and federal defendants, and the hardships and interests involved, as argued by all parties, including defendant intervenors.

1  the action may add further clarity or insight into the court's
2  determination of appropriate equitable relief.  Therefore,
3  applicants' motion to permissively intervene in the remedial
4  portion of the litigation is GRANTED.

**CONCLUSION**

6  For the reasons stated above, applicants' motion for
7  permissive intervention is GRANTED in part and DENIED in part.
8  Applicants' motion is GRANTED to the extent it seeks intervention
9  limited solely to the issues of remedy, and not for purposes of
10 liability.  It is DENIED in all other respects.  As such, in
11 considering plaintiff's motion for preliminary injunction, the
12 court will consider only those sections of applicants' proposed
13 opposition that address the nature of the relief sought (the
14 balance of harms).

15  IT IS SO ORDERED.
16 DATED: September 11, 2008

_____
FRANK C. DAMRELL, JR.
United States District Judge